OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Zones which qualify for special exception permits represent a threshold legislative acceptance that the specified use accords with the general municipal zoning plan (Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892, 893; Matter of Pleasant Val. Home Constr. v Van Wagner, 41 NY2d 1028, 1029). Unlike the unnecessary hardship standard governing variances, a special exception permit is available upon a showing of compliance with legislatively imposed conditions pertaining to the intended use (Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238, 243-244). Failure to meet any one of the conditions set forth in the ordinance is, however, a sufficient basis upon which the zoning authority *1002 may deny the permit application (Matter of Tandem Holding Corp. v Board of Zoning Appeals, 43 NY2d 801, 802).
The uses permitted in the Town of DeWitt’s Special Business Transitional District include "[r]etail stores, professional offices, business offices, personal service establishments, mortuaries and undertaking establishments, provided that no business is conducted out-of-doors” (DeWitt Town Code § 53-26 [A] [4]; § 53-23 [D] [1]). The Board found, with substantial evidence in the record, that petitioners’ otherwise qualifying uses nevertheless failed to comply with at least two legislated preconditions, i.e., the impact of unspecified intended uses of a planned 20,000 square foot structure as being reasonably compatible in all respects with the neighborhood and the adverse affects of aggravated traffic conditions. The courts may not, therefore, disturb the Board’s denial of the special permit in this case.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.