■ In the Matter of L & M REALTY, Appellant, v VILLAGE OF MILLBROOK PLANNING BOARD, Respondent. [615 NYS2d 434] — In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Millbrook Planning Board, dated May 21, 1992, which denied the petitioner's application for a special use permit, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered January 27, 1993, which dismissed the proceeding. The petitioner's notice of appeal from an order dated December 8, 1992, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

In 1987 Michael Spagnola and his wife purchased a .253 acre parcel of land upon which stood a small shed. The parcel was contiguous to another parcel owned by the Spagnolas and the two parcels were apparently annexed to each other on the subdivision map filed in the Dutchess County Clerk's Office. In 1989, Mr. Spagnola converted the shed into a guest house. Prior to the conversion, the Village of Millbrook Planning Board indicated that a special permit would not be required as long as the guest house would not be used for auxiliary income, and would only be occupied on an incidental basis. In August 1990 Mr. Spagnola applied for and was denied a special permit to convert the building to an apartment, on the ground that such a conversion would constitute an intensifica-

tion of use on a nonconforming lot, rendering the lot even less conforming.

Thereafter, in December 1990 the Spagnolas conveyed the subject premises to the petitioner partnership L & M Realty, in which Mr. Spagnola is a general partner. L & M Realty subsequently reapplied to the Planning Board for a special permit allowing it to rent the guest house as an accessory apartment. In the determination under review, the Planning Board denied the reapplication for a special permit. The record supports the Planning Board's determination that the location of the guest house, two feet from the property line alongside a driveway used by neighboring property owners, made any intensification of use into a potential hazardous situation. We find no merit to the petitioner's contention that the denial of its application was arbitrary and capricious, or affected by an error of law.

Village of Millbrook Zoning Law § 30.51 (H) (1) provides that before granting a special use permit, the Planning Board must find that the location and size of the use and the location of the site with respect to streets giving access to it are such that it will be in harmony with the appropriate and orderly development of the district in which it is located. The Planning Board's conclusion that this apartment would not have adequate buffering and setbacks, would not be conducive to good traffic circulation and safe access, and would not have a harmonious relationship with respect to adjacent parcels and the development of the district itself, was rational and supported by the record.

We note additionally that Village of Millbrook Zoning Law § 30.413 (A) (11) provides that a special permit for an accessory apartment cannot be granted unless the owner of the one-family lot upon which the accessory apartment is located occupies at least one of the dwelling units on the premises. Given that the petitioner did not occupy either of the dwelling units on the subject property, a special permit could not be granted.

It is well settled that entitlement to a special permit is not a matter of right, and compliance with ordinance standards must be shown before a special permit can be granted (see, Matter of Tandem Holding Corp. v Board of Zoning Appeals, 43 NY2d 801, 802; Matter of Roginski v Rose, 97 AD2d 417, affd 63 NY2d 735). The petitioner failed to satisfy the threshold standards necessary for the special permit, and that permit was properly denied.

We decline to review the petitioner's assertion that its two parcels were improperly annexed to each other in 1987, as the petitioner failed to seek that relief in the court of first instance.

The petitioner's remaining contention is without merit. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.