■ In the Matter of WILLIAM DRIES et al., Appellants, v TOWN BOARD OF TOWN OF RIVERHEAD, Respondent. [759 NYS2d 367] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Riverhead, dated December 18, 2001, which denied the petitioners' ap-

plication for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered June 28, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court that there was substantial evidence in the record to support the determination of the respondent Town Board of the Town of Riverhead (hereinafter the Town Board) to deny the petitioners' application for a special use permit to build two restaurants located between two outlet malls, Tanger I and Tanger II. The application failed to comply with all the conditions necessary under Riverhead Town Code § 108-3 (E) (3) and (4) (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 195-196 [2002]; *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243 [1972]; *Matter of C.B.H. Props. v Rose,* 205 AD2d 686, 687 [1994]). The record indicates that the majority of the members of the Town Board voted against adopting a resolution that would have conditionally approved the special use permit subject to certain changes because they were concerned about the safety of pedestrians going from the Tanger outlets to the restaurants along areas with a high volume of vehicular traffic. Safety is a concern specifically addressed in the Riverhead Town Code § 108-3 (E) (3) (c) and (4) (d). Failure to comply with any condition upon a special exception is sufficient grounds for denial of the exception (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra*). Although it is impermissible to deny a special use permit based solely on generalized objections or community pressure (*see Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000 [1997]; *Matter of C.B.H. Props. v Rose, supra*; *Bongiorno v Planning Bd. of Inc. Vil. of Bellport,* 143 AD2d 967 [1988]), where there are other grounds in the record to support a denial, deference must be given to the discretion and commonsense judgment of the board (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra*; *Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 66 NY2d 893, 895 [1985]). Here, the Town Board's determination was based on evidence submitted by the petitioners' experts, a report pursuant to the State Environmental Quality Review Act (ECL art 8), and knowledge of the Town Board and community members about the traffic flow in the vicinity. The petitioners were given an opportunity to address the concerns about pedestrian safety raised at a public hearing and by the

Planning Board of the Town of Riverhead, and chose not to, stating that the details for pedestrian crossings would be developed at a later time. This response did not satisfy the Town Board's concerns, and it cannot be said that the Town Board's denial was unsupported by evidence in the record. Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.