■ In the Matter of TRICON GLOBAL RESTAURANTS, INC., et al., Appellants, v WILLIAM CURRAN et al., Respondents. [766 NYS2d 56] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Freeport, dated February 27, 2002, which, after a hearing, denied the application of the petitioner Tricon Global Restaurants, Inc., inter alia, for a special exception permit, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Mahon, J.), entered July 26, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Tricon Global Restaurants, Inc. (hereinafter Tricon), sought a special exception permit to construct a fast-food restaurant with a drive-through lane for take-out purchases in a parcel partially zoned for business use, extending approximately 40 feet into a residential zone. Village of Freeport Code § 210-12 (F) permits the extension of a business use as much as 50 feet into a more restricted district "provided that the light and air of the more restricted district will not thereby be impaired." Further, Village of Freeport Code § 210-13 (B) provides that the granting of special exception permits must be premised upon a finding that it "[w]ill not appreciably alter the essential character of the neighborhood." Tricon bore the burden before the Zoning Board of Appeals of the Incorporated Village of Freeport of establishing that the proposed use met those legislatively-imposed conditions (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 195 [2002]). The denial of the special exception permit was not arbitrary and capricious and is supported by substantial evidence (*see Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000, 1002 [1988]). Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.