■ In the Matter of NATIONWIDE PROTECTION, LTD., Respondent, v JAMES W. RUZICKA et al., Appellants. [858 NYS2d 328]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Trustees of the Village of Island Park dated November 16, 2006, as, after a hearing, upon denying the branch of the petitioner's application which was for rezoning, dismissed as academic the branch of the petitioner's application which was for a special use permit, James W. Ruzicka, Stephen G. D'Esposito, Henry M. Hastava, Joseph M. Annarella, and Irene P. Naudus, constituting the Board of Trustees of the Village of Island Park, appeal, by permission, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated April 4, 2007, as denied their motion to dismiss the proceeding for failure to state a claim upon which relief could be granted, and remitted the matter to the Board of Trustees of the Village of Island Park to set forth factual findings.

Ordered and adjudged that the order is reversed insofar as appealed from, on the law, with costs, the motion to dismiss the

proceeding for failure to state a claim upon which relief could be granted is granted, the petition is denied, and the proceeding is dismissed.

The petitioner simultaneously applied to the Board of Trustees of the Village of Island Park (hereinafter the Board) to rezone a portion of its property from residential A to business and for a special use permit for the construction of multiple dwellings for senior citizens. Only the portion of the property zoned as residential needed to be rezoned for business use before the special use permit could be considered because, under the Village of Island Park Zoning Ordinance No. 51, article VII, section 1 (r), multiple dwellings for senior citizens was a permitted use for property zoned for business use, but was not permitted for residential property. At a public hearing, the petitioner submitted a proposed site plan for 16 individual units. At the public hearing concerns were raised about density and that there were too many proposed units. After the public hearing, the petitioner sent a letter to the Board stating that it would be willing to reduce the number of units from 16 to 14 to appease the concerns raised by the citizens, and with this reduction the rezoning was no longer needed. The petitioner never submitted a proposed site plan for 14 units.

The Board denied the petitioner's application for the rezoning and deemed its application for a special use permit academic. The petitioner brought this proceeding pursuant to CPLR article 78 alleging that the Board's denial of its application for a special use permit was arbitrary and capricious, but did not challenge the denial of rezoning. The Board moved to dismiss the petition on the grounds that the petitioner failed to state a claim upon which relief could be granted and failed to exhaust administrative remedies. The Supreme Court denied the petition and the Board's motion, and remitted the matter to the Board for it to set forth factual findings pursuant to Village Law § 7-712-b (3). The individuals constituting the Board appeal.

The Supreme Court erred in applying Village Law § 7-712-b (3) to this case because that statute applies to determinations made by a zoning board of appeals and pertains to area variance applications, and here the petitioner's application for a special use permit was made to a board of trustees, not a zoning board of appeals. Special use permits are controlled by Village Law § 7-725-b, which does not require a board to make factual findings. Therefore, the Supreme Court improperly remitted the matter to the Board to make such findings.

The Supreme Court also erred in denying the Board's motion to dismiss. In this CPLR article 78 proceeding, the petitioner

sought a judgment directing the Board to grant it a special use permit to build 14 units. It is undisputed, however, that the proposed site plan presented at the public hearing and considered by the Board in making its determination included 16 units. In light of the Board's determination to deny the petitioner's application for the rezoning, its dismissal of the branch of the application which was for a special use permit as academic was not arbitrary and capricious since the petitioner could not construct multiple dwellings for senior citizens without the rezoning (*see Matter of Tricon Global Rests. v Curran,* 309 AD2d 868 [2003]; *Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon,* 250 AD2d 690, 693 [1998]). The petitioner has the option to file an application with the Board seeking a special use permit for a 14-unit building on the portion of its property where it would be permitted to construct multiple dwellings for senior citizens.

Accordingly, the Board's motion to dismiss should have been granted. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.