■ In the Matter of FRANKLIN SQUARE DONUT SYSTEM, LLC, Doing Business as DUNKIN' DONUTS, Appellant, v GERALD G. WRIGHT, et al., Respondents. [881 NYS2d 163]—

In a proceeding pursuant to CPLR article 78 to review six determinations of the Board of Appeals of the Town of Hempstead, all dated May 2, 2007, which denied the petitioner's applications for, inter alia, special exemptions to maintain drive-thru windows, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered November 16, 2007, which confirmed the determinations, denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner operates a Dunkin' Donuts franchise on the northeast corner of Franklin Avenue and Ferngate Drive in Franklin Square in the Town of Hempstead. Franklin Avenue is a main thoroughfare, while Ferngate Drive provides ingress from Franklin Avenue to a residential neighborhood. The property is located in a business district. In 1986 the Town of Hempstead Board of Appeals (hereinafter the Board) granted the petitioner a special exception permit to operate a drive-thru window. The special exception permit was granted temporarily for five years and imposed certain conditions, including the condition that the drive-thru shall be maintained so as not to permit vehicle back-up onto Franklin Avenue or Ferngate Drive. The special exception permit was renewed each five years, the last renewal occurring in 2001.

In 2004 the petitioner applied to the Board for a renewal of its special exception permit, and special exception permits to legalize a second drive-thru window and two related menu boards which had been installed on the premises. The petitioner then withdrew these applications and applied to the Town Building Department to maintain the drive-thru windows as of right. The Town Building Department denied the applications, citing Town of Hempstead Building Zone Ordinance § 272 (C) (14), which requires special exception permits for diners, lunchwagons, drive-in restaurants, drive-in luncheonettes, drive-in lunch counters, or drive-in refreshment stands. The petitioner then submitted new applications to the Board, seeking special exception permits for the drive-thrus and menu boards, and appealing the Building Department's denials. After a hearing, the Board denied the appeals and the applications for special exception permits. The petitioner then commenced this proceeding to review the determinations, and the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we affirm.

The Board's determination that special exception permits are required to operate a drive-thru on the premises was rational and supported by evidence in the record (*see* Town of Hempstead Building Zone Ordinance § 272 [C] [14]). The Board's denial of the special exception permits was likewise rational and supported by evidence in the record (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000 [1988]). Accordingly, the Supreme Court properly confirmed the determinations.

Unlike a variance, which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception involves a use permitted by the zoning ordinance, but under stated conditions (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002]; *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243 [1972]). Accordingly, an applicant's burden of proof is much lighter than the burden on one seeking a variance. However, entitlement to a special exception permit is not a matter of right. Compliance with local ordinance standards must be shown before a special exception permit may be granted (*see Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000 [1988]; *Matter of Roginski v Rose*, 97 AD2d 417 [1983], *affd on op below* 63 NY2d 735 [1984]; *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead*, 43 NY2d 801 [1977]; *Matter of L & M Realty v Village of Millbrook Planning Bd.*, 207 AD2d 346 [1994]).

The Board properly considered the standards articulated in the ordinance and determined, inter alia, that the proposed use prevented "the orderly and reasonable use of adjacent properties" and that its location adversely affected "the safety, health, welfare, comfort, convenience or order of the town" (Town of Hempstead Building Zone Ordinance § 267 [D] [2] [a]; [3]). Residents of the neighboring development testified that, despite improvements made by the petitioner, vehicles waiting to enter the drive-thru backed up onto Ferngate Drive, causing extreme traffic congestion which prohibited the free flow of traffic out of the neighborhood and blocked in one resident's driveway many mornings. These complaints amounted to more than generalized community opposition to a specific type of use; they constituted eyewitness testimony of actual conditions at the premises (*see Matter of Pleasant Val. Home Constr. v Van Wagner*, 41 NY2d 1028, 1029 [1977]; *Matter of Roginski v Rose*, 97 AD2d 417 [1983], *affd on op below* 63 NY2d 735 [1984]; *cf. Matter of*

*Robert Lee Realty Co. v Village of Spring Val.*, 61 NY2d 892 [1984]). The testimony of the petitioner's witnesses did not compel a different result, given the evidence presented at the hearing which supported the Board's determination (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196; *Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000 [1988]).

Finally, given the particular location of the drive-thru, the denials were not arbitrary and capricious for a failure to adhere to prior Board precedent (*see Matter of Lucas v Board of Appeals of Vil. of Mamaroneck*, 57 AD3d 784, 785 [2008]). Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.