■ In the Matter of WHITE CASTLE SYSTEM, INC., et al., Appellants, v BOARD OF ZONING APPEALS OF TOWN OF HEMPSTEAD, Respondent. [940 NYS2d 159]—

In a proceeding pursuant to CPLR article 78 to review seven determinations of the Board of Appeals of the Town of Hempstead, all dated June 2, 2010, which, after a hearing, denied their applications for special exception permits and variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered January 6, 2011, which denied the amended petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying those branches of the amended petition which were to annul the determinations denying a special exception permit to construct a refuse/recycling enclosure and a variance to install a detached sign in setbacks and dismissing those portions of the proceeding, and substituting therefor a provision granting those branches of the amended petition to the extent of annulling those determinations; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Board Appeals of the Town of Hempstead for further proceedings consistent herewith.

The petitioners applied to the Board of Appeals of the Town of Hempstead, sued herein as the Board of Zoning Appeals of the Town of Hempstead (hereinafter the BOA), for special exception permits and variances related to the construction of a proposed 24-hour White Castle restaurant. The petitioners sought special exception permits to install two drive-thru windows, to allow for parking in front yard setbacks, and to construct a refuse/recycling enclosure. They also sought variances to waive off-street parking requirements, for insufficient maneuverability and back-up space and non-permitted parallel parking in a front yard setback, to install a double-faced, illuminated, detached sign in setbacks, and to install a second menu board sign. After submitting the applications, the petitioners submitted revised plans which met the minimum parking requirement.

After a public hearing, the BOA denied the applications. The petitioners commenced this proceeding to review the BOA's determinations. The Supreme Court denied the amended petition and dismissed the proceeding. The petitioners appeal.

"Unlike a variance which gives permission to an owner to use

property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002] [citation omitted]). Thus, the burden of proof on an owner seeking a special exception is lighter than that on an owner seeking a variance. The owner is required only to show compliance with legislatively imposed conditions pertaining to the intended use (*id.*; *see Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000 [1988]). "Failure to comply with any condition upon a special exception, however, is sufficient ground for denial of the exception" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 195).

A denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection (*id.* at 196; *see Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000 [1997]; *Matter of Jaharr, Inc. v Ronik*, 272 AD2d 546 [2000]). Where such evidence exists, deference must be given to the discretion of the zoning board. A court may not substitute its own judgment for that of the zoning board, even if such a contrary determination is itself supported by the record (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 423 [1996]).

Here, evidence in the record, including testimony by experts in traffic and real estate and by neighboring property owners, supports the BOA's finding that the proposed drive-thru and parking in front yard setbacks would prevent the orderly and reasonable use of adjacent properties, and would adversely affect the safety, health, welfare, comfort, convenience, or order of the Town (*see* Town of Hempstead Building Zone Ordinance § 267 [D] [2] [a] [1], [3]; *Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 193). Where there is conflicting expert testimony, deference must be given to the discretion and commonsense judgments of the zoning board (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196). However, the BOA's denial of a special exception permit to construct a refuse/recycling enclosure was not supported by evidence in the record and, thus, that application must be remitted to the BOA for approval subject to the imposition of reasonable conditions (*see Matter of Capriola v Wright*, 73 AD3d 1043 [2010]).

"Local zoning boards are vested with broad discretion in considering applications for area variances, and '[c]ourts may

set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure' " (*Matter of Roberts v Wright*, 70 AD3d 1041, 1042 [2010], quoting *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). A determination of a zoning board on a variance application should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Ifrah v Utschig*, 98 NY2d at 308).

The BOA's denials of variances related to the proposed layout of the parking lot and the menu board sign were made upon proper consideration of the required factors and had a rational basis (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Ifrah v Utschig*, 98 NY2d at 308). Accordingly, those determinations will not be disturbed. However, the BOA's denial of a variance to install a double-faced, illuminated, detached sign in setbacks was lacking in evidentiary support and lacked a rational basis. Accordingly, that application must be remitted to the BOA for issuance of the variance (*see Matter of Cacsire v City of White Plains Zoning Bd. of Appeals*, 87 AD3d 1135 [2011], *lv denied* 18 NY3d 802 [2011]).

The parties' remaining contentions are without merit. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.