In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated August 24, 2011, after a rehearing, vacating its prior determination dated June 2, 2010, and thereupon denying the petitioner’s application for a special exception permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered May 16, 2012, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The Code of the Town of Hempstead § 96-1 (A) defines a cabaret, in relevant part, as “[a]ny room, place or space wherein musical entertainment, singing, dancing in a designated area or other form of amusement or entertainment is permitted in conjunction with the sale or service of food or drink to the public.” Effective March 31, 1997, the Town of Hempstead Building Zone Ordinance § 272 (C) (6) was amended to provide that “the grant of any cabaret use by the Board of Zoning [sic] Appeals shall be limited to the specific cabaret use applied for and approved by the Board of Zoning [sic] Appeals and no other cabaret use. This section shall apply to any cabaret use hereafter or previously granted by the Board of Zoning [sic] Appeals.” In its determination dated August 24, 2011, the Town of Hempstead Board of Appeals (hereinafter BOA) determined that the above-quoted 1997 amendment to the Building Zone Ordinance was applicable to the proposed cabaret use of the petitioner’s premises, for which a special exception permit had been granted in 1969 allowing the property to be used as a cabaret.
In a proceeding pursuant to CFLR article 78 to review a determination of a zoning board of appeals, a zoning board’s interpretation of its zoning ordinance is entitled to great deference and will not be overturned by the courts unless unreasonable or irrational (see Matter of Kabro Assoc., LLC v *789 Town of Islip Zoning Bd. of Appeals, 95 AD3d 1118, 1119 [2012]; Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton, 7 AD3d 710, 711 [2004]; Matter of Home Depot USA v Baum, 243 AD2d 476, 478 [1997]). Judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]; Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals, 95 AD3d at 1119; Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals, 298 AD2d 458, 458-459 [2002]). As the BOA’s interpretation of the zoning code provision at issue is neither unreasonable nor irrational, we decline to disturb it (see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Patchogue, 57 AD3d 546 [2008]).
Moreover, the BOA did not improvidently exercise its discretion when it reopened and reheard the petitioner’s application for a special exception permit after it had originally granted it (see Matter of Moore v Town of Islip Zoning Bd. of Appeals, 28 AD3d 772 [2006]). The petitioner contends that the rehearing was improper because he had relied to his detriment on the previously granted special exception permit, having expended funds renovating and altering the premises for its proposed use. However, Town Law § 267-a (12) permits a zoning board to rehear its determination, “provided the board finds that the rights vested in persons acting in good faith in reliance upon the reheard order, decision or determination will not be prejudiced thereby.” Here, the BOA expressly found that the petitioner did not rely upon the previously granted special exception permit in good faith, but rather, the petitioner intentionally misled the BOA concerning the intended use of the premises at the initial hearing on the application.
A denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 196 [2002]). However, where evidence supporting the denial exists, deference must be given to the discretion of the zoning board, and a court may not substitute its own judgment for that of the zoning board, even if a contrary determination is supported by the record (see id; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d 731, 732 [2012]).
The BOA’s findings pertaining to the petitioner’s lack of candor and good faith were credibility determinations, and issues of credibility were within the sole province of the BOA to *790 resolve (see Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1282 [2011]). Moreover, in addition to the objections of members of the community, there was also evidence presented, which was within the province of the BOA to credit, that granting the petitioner’s application for a special exception permit would have an adverse impact on neighboring properties (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 196; Brick Hill Constr. Corp. v Zoning Bd. of Appeals of Town of Somers, 74 AD2d 810, 811 [1980], affd 53 NY2d 621 [1981]).
The petitioner’s remaining contention does not require reversal.
Accordingly, the Supreme Court properly upheld the BOA’s denial of the petitioner’s application for a special exception permit. Mastro, J.E, Rivera, Sgroi and Cohen, JJ., concur.