■ In the Matter of M&V 99 FRANKLIN REALTY CORP., Petitioner, v DAVID WEISS, Chairman, Board of Zoning Appeals of the Town of Hempstead, et al., Respondents. [3 NYS3d 51]—

Proceeding pursuant to CPLR article 78 to review determinations of the Board of Appeals of the Town of Hempstead dated May 9, 2012, which, after a hearing, denied the petitioner's applications for special exceptions permitting the display and sale of used cars on its premises and parking in the setbacks, and for a variance from off-street parking requirements, which was transferred to this Court by an order of the Supreme Court, Nassau County (Diamond, J.), dated March 21, 2013, which order also denied that branch of the petition which was to review the determination of the Board of Appeals of the Town of Hempstead denying the petitioner's application for a variance from off-street parking requirements.

Ordered that so much of the order dated March 21, 2013, as denied that branch of the petition which was to review the determination of the Board of Appeals of the Town of Hempstead denying the petitioner's application for a variance from off-street parking requirements is vacated; and it is further,

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioner owns property at 99 Franklin Avenue in Franklin Square in the Town of Hempstead, on which its principals operate a used-car business, and a tenant operates an auto-repair business. Although these uses existed for many years, the uses were not permitted as of right under the applicable zoning ordinance. The petitioner applied to the Board of Appeals of the Town of Hempstead (hereinafter the Board) for special exceptions permitting the display and sale of used cars and parking in the setbacks, and for a variance from off-street parking requirements. After a public hearing, the Board denied the applications. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determinations. The

Supreme Court upheld the denial of the variance application, then transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Initially, we note that the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g), since the determinations to be reviewed were not made after a trial-type hearing held pursuant to direction of law at which evidence was taken (*see* CPLR 7803 [4]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Navaretta v Town of Oyster Bay*, 72 AD3d 823, 824 [2010]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769 [2005]). Accordingly, the determinations are not subject to substantial evidence review. Rather, the question before us is whether the determinations were affected by an error of law, or were arbitrary and capricious or an abuse of discretion, or were irrational (*see* CPLR 7803 [3]; *Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d 957, 957 [2008]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 770). Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide, on the merits, that branch of the petition which was to review the Board's determination to deny the petitioner's applications for special exception permits (*see Matter of Naranjo v Commissioner of Dept. of Motor Vehs., State of N.Y.*, 116 AD3d 859, 860 [2014]; *Matter of Navaretta v Town of Oyster Bay*, 72 AD3d at 824). Moreover, since CPLR 7804 (g) provides that, when a CPLR article 78 proceeding comes before the Appellate Division, "whether by appeal or transfer," the Appellate Division "shall dispose of all issues in the proceeding," we vacate the Supreme Court's determination denying, on the merits, that branch of the petition addressed to the Board's denial of the petitioner's application for a variance, and we shall consider that branch of the petition de novo (*see Matter of Wittie v State of N.Y. Off. of Children & Family Servs.*, 55 AD3d 842, 843 [2008]; *Matter of Hunter's Crossing Neighborhood Assn. v Maul*, 267 AD2d 1036, 1037 [1999]; *Matter of Vito v Jorling*, 197 AD2d 822, 825 n [1993]; *Matter of Desmone v Blum*, 99 AD2d 170, 176-177 [1984]).

"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002] [citation omitted]). Thus, the burden of proof on an owner seeking a special exception is lighter than that on an

owner seeking a variance (*see id.* at 195). The owner must show compliance with legislatively imposed conditions pertaining to the intended use before a special exception permit may be granted (*see id.*; *Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001 [1988]; *Matter of Franklin Sq. Donut Sys., LLC v Wright*, 63 AD3d 927, 929 [2009]). The denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196; *Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead*, 93 AD3d 731, 732 [2012]). However, where such evidence exists, deference must be given to the discretion of the board authorized to rule upon the application. A court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 423 [1996]; *Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead*, 93 AD3d at 732).

Here, the Board's determination that the petitioner failed to establish compliance with the legislatively imposed conditions for issuance of the requested special exceptions was supported by evidence in the record, and was not affected by an error of law, was not arbitrary and capricious, was not an abuse of discretion, and was not irrational (*see* Town of Hempstead Building Zone Ordinance § 267 [D] [2]). Contrary to the petitioner's contention, the Board was not limited to consideration of the site plan actually submitted by the petitioner, but properly considered "[w]hether the plot area [was] sufficient . . . for the use and the reasonable anticipated operation . . . thereof" (Town of Hempstead Building Zone Ordinance § 267 [D] [2] [b] [11]). Based on the statements made at the hearing and its own inspection of the subject premises, the Board discredited the petitioner's contention that it would limit the number of cars stored on the premises to 20, and cease parking cars associated with the businesses on the adjacent residential street. Issues of credibility are within the province of the Board (*see Matter of Green 2009, Inc. v Weiss*, 114 AD3d 788, 789-790 [2014]). Moreover, the Board's finding that the anticipated use of the premises would prevent the orderly and reasonable use of adjacent properties due to vehicular overcrowding on the site, with vehicles spilling over onto abutting streets, was supported by "eyewitness testimony of actual conditions at the premises," not

generalized community opposition (*Matter of Franklin Sq. Donut Sys., LLC v Wright*, 63 AD3d at 929; *see* Town of Hempstead Building Zone Ordinance § 267 [D] [2] [a], [b]). Accordingly, the Board's denial of the petitioner's applications for the subject special exception permits will not be disturbed.

"Local zoning boards are vested with broad discretion in considering applications for area variances, and '[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure' " (*Matter of Roberts v Wright*, 70 AD3d 1041, 1042 [2010], quoting *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). A variance determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Ifrah v Utschig*, 98 NY2d at 308).

Here, the Board's denial of a variance from off-street parking requirements was made upon a proper consideration of the requisite factors (*see* Town Law § 267-b [3]; *Matter of Colin Realty Co., LLC v Town of N. Hempstead*, 24 NY3d 96, 112-113 [2014]) and had a rational basis, and, thus, was not illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead*, 93 AD3d at 733). Accordingly, the determination will not be disturbed. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.