Matter of QuickChek Corp. v Town of Islip (2018 NY Slip Op 08136)





Matter of QuickChek Corp. v Town of Islip


2018 NY Slip Op 08136


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-05332 
2016-05335
 (Index No. 3577/15)

[*1]In the Matter of QuickChek Corporation, et al., respondents, 
v
Town of Islip, et al., appellants.


John R. DiCioccio, Town Attorney, Islip, NY (Michael A. Brandi of counsel), for appellants.
Harris Beach PLLC, Melville, NY (Keith P. Brown of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Islip dated January 29, 2015, denying an application for a special use permit to operate a gasoline service station, the appeals are from (1) a decision of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated March 9, 2016, and (2) a judgment of the same court dated April 11, 2016. The judgment, upon the decision, granted the petition, annulled the determination, and remitted the matter to the Town Board of the Town of Islip for the issuance of the requested special use permit.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
The subject two-acre parcel of land, upon which is located a used auto sales dealership, an automotive repair shop, and an area for the storage of cars and boats, is located in a business district in which gasoline service stations are a permitted use with a special permit. In 2013, the petitioner QuickChek Corporation applied to the Town of Islip Planning Board (hereinafter the Planning Board) and the Town Board of the Town of Islip (hereinafter the Town Board) for special permits to use the subject property as a convenience market, a minor restaurant, and a gasoline service station.
After a public hearing, the Planning Board granted special use permits for the convenience store and minor restaurant. After a second public hearing, the Town Board denied the application for a special permit to operate a gasoline service station. The petitioners then commenced this CPLR article 78 proceeding to review the Town Board's determination. The Supreme Court, upon finding, among other things, that the proposed use would not adversely affect the neighborhood or traffic, granted the petition, annulled the Town Board's determination, and remitted the matter to the Town Board for the issuance of the requested special use permit.
Unlike a variance, a special permit does not entail a use of the property forbidden by the zoning ordinance but, instead, constitutes a recognition of a use which the ordinance permits under stated conditions (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of [*2]Hempstead, 98 NY2d 190, 195). Thus, the burden of proof on an applicant seeking a special permit is lighter than that required for a hardship variance (see Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 784-785). In reviewing a town board's determination on special permit applications, we are "limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion," and we "consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the [b]oard's determination" (Matter of Beekman Delamater Props., LLC v Village of Rhinebeck Zoning Bd. of Appeals, 150 AD3d 1099, 1103 [internal quotation marks omitted]). "A denial of a special . . . permit must be supported by evidence in the record and may not be based solely upon community objection" (Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d 731,732).
Here, the material findings of the Town Board were not supported by substantial evidence. With regard to the alleged increased volume of traffic, there was no showing that the proposed use of a gasoline service station would have a greater impact on traffic than would other uses unconditionally permitted (see Matter of Robert Lee Realty Co. v Village of Spring Val., 61 NY2d 892, 894). While there was evidence that traffic would be increased by 3%, there was no evidence indicating that the proposed use would have any greater impact than would other permitted uses. Thus, the alleged increase in traffic volume was an improper ground for the denial of the special permit.
The other reasons set forth by the Town Board in support of its denial of the application for a special permit were conclusory and unsupported by factual data and empirical evidence (see Matter of Framike Realty Corp. v Hinck, 220 AD2d 501).
Accordingly, we agree with the Supreme Court's determination to grant the petition, annul the Town Board's determination, and remit the matter to the Town Board for the issuance of the requested special permit.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court