Matter of FCFC Realty LLC v Weiss (2021 NY Slip Op 01256)





Matter of FCFC Realty LLC v Weiss


2021 NY Slip Op 01256


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-10293
 (Index No. 453/18)

[*1]In the Matter of FCFC Realty LLC, petitioner,
v
David A. Weiss, etc., et al., respondents.


Law Office of Gerald G. Wright, P.C., Freeport, NY (Colleen Ni Chairmhaic of counsel), for petitioner.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Stephen Martir of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review determinations of the Board of Zoning Appeals of the Town of Hempstead dated February 28, 2018, which, after a hearing, denied the petitioner's applications for certain area variances and special exceptions.
ADJUDGED that the determinations are confirmed, the amended petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner owns a parcel of land located at 929 Front Street in Uniondale. The Department of Buildings of the Town of Hempstead denied the petitioner's application for a building permit to construct a building for a laundromat and retail space. Thereafter, the petitioner filed five applications with the Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board) for certain area variances and special exceptions. After a public hearing, in five separate determinations, all dated February 28, 2018, the Board denied the petitioner's applications.
On April 20, 2018, the petitioner commenced this proceeding, and thereafter filed an amended petition dated December 5, 2018, naming the members of the Board as respondents. On January 30, 2019, the Board issued its findings of fact. By order entered June 3, 2019, the Supreme Court, Nassau County, transferred this proceeding to this Court pursuant to CPLR 7804(g).
Initially, the Supreme Court erred in transferring this proceeding to this Court pursuant to CPLR 7804(g), since the challenged determination was not made after a quasi-judicial hearing and therefore did not raise a substantial evidence issue (see Matter of Towers v Weiss, 131 AD3d 621; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783). In the interest of judicial economy, we will determine the issues raised on the merits (see Matter of Towers v Weiss, 131 AD3d at 622; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 784; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772-773).
Contrary to the petitioner's contention, we accept the Board's findings of fact despite their issuance more than a year after the hearing was held. The issuance of these findings of fact relieves this Court from having to remit the matter to the Board to provide its reasons for the denials [*2]of the petitioner's applications (see Matter of Thirty W. Park Corp. v Zoning Bd. of Appeals of City of Long Beach, 43 AD3d 1068, 1069; Matter of Berka v Seltzer, 170 AD2d 450, 450). Moreover, we note that much of the delay between the Board's determination denying the petitioner's applications and its issuance of findings of fact is due to the petitioner's failure to name the members of the Board or the Board itself as respondents in its initial petition in this proceeding.
Contrary to the petitioner's contention, the Board did not violate due process by considering a written statement from a resident who was not present and not made available for cross-examination. Municipal land use agencies are "quasi-legislative, quasi-administrative bodies," and "the public hearings they conduct are informational in nature and [do] not involve the receipt of sworn testimony or taking of evidence within the meaning of CPLR 7803(4)" (Matter of Halperin v City of New Rochelle, 24 AD3d at 770 [internal quotation marks omitted]; see Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba, 238 AD2d 93, 96). "While parties may have a right to be heard by such agencies and to present facts in support of their position, the forum in which they do so is not 'a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803(4)'" (Matter of Halperin v City of New Rochelle, 24 AD3d at 770, quoting Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y., 123 AD2d 619, 619).
In considering an application for area variances, Town Law § 267-b(3)(b) requires a zoning board to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood or community if the area variances are granted (see Matter of Sasso v Osgood, 86 NY2d 374, 384). A zoning board must consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some . . . method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Matter of Sasso v Osgood, 86 NY2d at 382, quoting Town Law § 267-b[3][b]; see Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 820). "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 755 [internal quotation marks omitted]; see Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509).
The Board credited the recommendations of the Nassau County Planning Commission, which recommended, among other things, modifying the proposal to include a rear setback to allow for emergency access. Although the Nassau County Planning Commission reviewed the petitioner's original plans, the revised plans were not substantially different from the initial plans, as they still contained no rear yard setbacks. Accordingly, a new referral to the Nassau County Planning Commission was not required (see Matter of Favre v Planning Bd. of the Town of Highlands, 185 AD3d 681; Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 829).
We confirm the denial of the petitioner's application for a variance from front and rear yard setback requirements. Here, the record demonstrates that the benefit sought by the petitioner can be achieved by another method and the project posed a risk to the health, safety, and welfare of the surrounding neighborhood. Moreover, the petitioner is presumed to have known about the applicable zoning restrictions when it purchased the property and therefore any hardship was self-created (see Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949; Matter of Gallo v Rosell, 52 AD3d 514, 516). Accordingly, the Board's denial of this variance was not arbitrary and capricious (see Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 821; Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949).
We also confirm the denial of the petitioner's application for a variance from off-[*3]street parking requirements. Here, the record demonstrated that this variance would exacerbate already difficult traffic and parking conditions in the area (see Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 785-786; Matter of Franklin Square Donut Sys., LLC v Wright, 63 AD3d 927, 929). Additionally, the Board was permitted to base its decision on its own members' knowledge of the community (see Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d 822, 824), which, here, included issues concerning traffic and parking in the area. We note that the petitioner failed to present any expert evidence with respect to these issues at the hearing. Accordingly, the Board's determination denying the petitioner's application for a variance from off-street parking requirements was not arbitrary and capricious.
"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195 [citation omitted]). The denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection (see Matter of Green 2009, Inc. v Weiss, 114 AD3d 788, 789; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d 731, 732). Where such supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 196; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 785; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d at 732).
Here, the Board's determination that granting the petitioner's application for a special exception to construct a laundromat with 112 washers and 90 dryers would "prevent the orderly and reasonable use of adjacent properties or of properties in adjacent use districts" was not arbitrary and capricious (Town of Hempstead Building Zone Ordinance § 267[D][2][a][1]). The Board rationally concluded that, as proposed, a laundromat of this size would serve to increase the traffic and parking issues in the neighborhood to the detriment of neighboring properties. Accordingly, the Board's determination will not be disturbed (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 196; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 785).
We also agree with the Board's determination denying the petitioner's application for a variance to install one double-faced, illuminated, detached ground sign, set back four feet from property lines on Front Street and Lenox Avenue within the clear sight triangle, and for a special exception for parking in front yard setbacks on Fenimore and Lenox Avenues, as these applications were rendered academic by the Board's denials of the petitioner's other applications (see Matter of Nabe v Sosis, 175 AD3d 500, 502; Matter of 278, LLC v Zoning Board of Appeals of the Town of E. Hampton, 159 AD3d 891, 894; Edwards v Davison, 94 AD3d 883, 884; Matter of King v Ronik, 237 AD2d 358, 358).
The petitioner's contention that the Board succumbed to community pressure in denying its applications is without merit. It is well settled that a zoning board of appeals may not deny an application "based solely on generalized objections or community pressure, [but] where there are other grounds in the record to support a denial, deference must be given to the discretion and common sense judgment of the board" (Matter of Dries v Town Bd. of Town of Riverhead, 305 AD2d 596, 597 [citations omitted]; see Matter of Ostojic v Gee, 130 AD3d 927, 929-930; Matter of North Shore F.C.P., Inc. v Mammina, 22 AD3d 759, 759-760). Here, while there was significant community opposition to the petitioner's applications, there were other grounds sufficient to support the denial of those applications (see Matter of Dries v Town Bd. of Town of Riverhead, 305 AD2d at 597; Matter of Ostojic v Gee, 130 AD3d at 929-930; Matter of North Shore F.C.P., Inc. v Mammina, 22 AD3d at 759-760).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court