Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead (2021 NY Slip Op 06685)





Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead


2021 NY Slip Op 06685


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-05005
 (Index No. 1001/18)

[*1]In the Matter of 666 OCR TT, LLC, respondent,
v
Board of Zoning Appeals of the Town of Hempstead, appellant.


Bee Ready Fishbein Hatter & Donovan LLP, Mineola, NY (Jason S. Greenfield, Kenneth A. Gray, Andrew K. Preston, and Theodore Goralski of counsel), for appellant.
Weber Law Group LLP, Melville, NY (Jason A. Stern and Garrett L. Gray of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead dated August 2, 2018, which, after a hearing, denied an application by 666 OCR TT, LLC, for a special exception permit and an area variance, the Board of Zoning Appeals of the Town of Hempstead appeals from a judgment of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered March 4, 2019. The judgment granted the petition, annulled the determination, and, in effect, directed the Board of Zoning Appeals of the Town of Hempstead to issue the requested special exception permit and area variance.
ORDERED that the judgment is affirmed, without costs or disbursements.
The property at issue is located at 666 Old Country Road in Garden City (hereinafter the subject property). It is currently improved by a 105,028-square-foot, multistory office building, and it is surrounded by a similar office building to the west, retail stores and restaurants to the north, the Meadowbrook State Parkway to the east, and the Roosevelt Field Shopping Mall to the south.
On January 10, 2018, the petitioner filed an application for a building permit with the Town of Hempstead Department of Buildings to construct a 4,775-square-foot Zinburger restaurant on the southwest corner of the subject property. The application was denied on January 29, 2018. The denial letter cited violations of Town of Hempstead Building Zone Ordinance (hereinafter Building Zone Ordiance) § 272(E)(3), governing floor area ratio, and Building Zone Ordinance § 319(A)(16), governing off-street parking. On March 5, 2018, the petitioner applied to the Board of Zoning Appeals of the Town of Hempstead (hereinafter Board) for a special exception permit to exceed the applicable floor area ratio and a variance to reduce the required amount of off-street parking. A hearing was held before the Board on June 6, 2018. After the hearing, in a determination dated August 2, 2018, the Board denied the application.
Subsequently, the petitioner commenced this proceeding pursuant to CPLR article [*2]78 against the Board to annul its determination on the ground that it was arbitrary and capricious. By judgment entered March 4, 2019, the Supreme Court granted the petition, annulled the determination, and, in effect, directed the Board to issue the variance and the special exception permit.
In considering an application for an area variance, Town Law § 267-b(3)(b) requires a zoning board to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted (see Matter of Sasso v Osgood, 86 NY2d 374, 384). A zoning board must consider: "'(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some . . . method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance'" (id. at 382, quoting Town Law § 267-b[3][b]; see Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 820). "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 755 [internal quotation marks omitted]; see Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509). "'Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious'" (Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d at 755, quoting Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877). A determination is rational if it has some objective factual basis (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772).
"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195 [citation omitted]). The denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection (see Matter of Green 2009, Inc. v Weiss, 114 AD3d 788, 789; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d 731, 732). Where such supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 196; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 785; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d at 732).
Here, while it was rational for the Board to conclude that the requested special exception permit and variance were substantial, its determination to deny the petitioner's application was otherwise conclusory and lacked an objective factual basis (see Matter of Marina's Edge Owner's Corp. v City of New Rochelle Zoning Bd. of Appeals, 129 AD3d 841, 843). In particular, there was little or no evidence before the Board to show that the granting of the variance or special exception permit would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Cacsire v City of White Plains Zoning Bd. of Appeals, 87 AD3d 1135, 1137; Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 38 AD3d 545, 547; Matter of Beyond Bldrs., Inc. v Pigott, 20 AD3d 474, 475). Accordingly, the Board's determination to deny the petitioner's application lacked a rational basis, and the Supreme Court properly granted the petition.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court