In the Matter of LORAINE LAZARUS, Respondent, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF MALVERNE, Appellant. [31 NYS3d 207]—

In a proceeding pursuant to CPLR article 78 to annul a determination of the Board of Trustees of the Incorporated Village of Malverne dated October 30, 2013, which, after a hearing, denied so much of the petitioner's application for a special exception permit which was for a second story deck and exterior staircase to the street, the Board of Trustees of the Incorporated Village of Malverne appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered July 29, 2014, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner owns a single-family house in a Residence B Zoning District within the Incorporated Village of Malverne (hereinafter the Village). In 2011, the petitioner applied, inter alia, for a special exception permit to approve mother-daughter occupancy status for the house and to maintain a structure consisting of a second story deck with an exterior staircase to the street that provided a second story entrance to the house. Following a public hearing, the Board of Trustees of the Village (hereinafter the Board) approved, inter alia, so much of the petitioner's application which was for mother-daughter occupancy status. In a separate determination dated October 30, 2013, the Board denied so much of the petitioner's application which was to maintain the second story deck structure and exterior staircase. The petitioner then commenced this proceeding pursuant to CPLR article 78 to annul the Board's determination dated October 30, 2013. By judgment entered July 29, 2014, the Supreme Court granted the petition and annulled the Board's determination. The Board appeals.

"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002] [citation omitted]). Consequently, the

burden of proof on an owner seeking a special exception is lighter than that on an owner seeking a variance. The owner must show compliance with legislatively imposed conditions pertaining to the intended use before a special exception permit may be granted (*see id.*; *Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001 [1988]). The denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection (*see Matter of Green 2009, Inc. v Weiss*, 114 AD3d 788, 789 [2014]; *Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead*, 93 AD3d 731, 732 [2012]). However, where such supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196; *Matter of M&V 99 Franklin Realty Corp. v Weiss*, 124 AD3d 783, 785 [2015]; *Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead*, 93 AD3d at 732).

Here, the Board's determination denying a special exception had a rational basis and was supported by the record. In relevant part, section 49-60 4 (b) of the Zoning Code of the Incorporated Village of Malverne provides that "[n]o decks shall be constructed with the walking surface of the deck at a level higher than grade of the first floor of the dwelling . . . Any application for a permit to construct a deck at a level above those set forth in the previous sentence shall be subject to approval as a Special Exception by the [Board]." While this section authorizes the Board to grant a special exception for a deck constructed above the first floor of a dwelling, it does not expressly allow the Board to grant a special exception for a structure, which also consists of an attached exterior staircase providing a second story entrance to a dwelling, such as the one at issue here. The Board's determination was supported by the Board's knowledge and consideration of the single-family home character of the neighborhood. In this regard, during the public hearing, the Board concluded that the petitioner's deck structure providing for a second story entrance to the house was inconsistent with that character, as it was more reflective of a two-family home, which was not permitted in that residential district. The record also demonstrates that the Board's determination was not inconsistent with its approval of mother-daughter status for the petitioner's home. As the Board's determination was rational and supported by the record, the Supreme Court improperly substituted its own judgment instead of giving deference to the discretion of the Board.

The petitioner's remaining contentions are without merit.

Accordingly, the petition should have been denied and the proceeding dismissed on the merits. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.