■ In the Matter of CARNELIAN FARMS, LLC, et al., Respondents, v PAUL LEVENTHAL, Chairperson, et al., Appellants. [56 NYS3d 552]—

Appeals from a judgment of the Supreme Court, Nassau County (John M. Galasso, J.), entered April 7, 2015. The judgment granted that branch of the petition, filed pursuant to CPLR article 78, which sought to review a determination of the Village of Muttontown Zoning Board of Appeals, upholding a condition imposed upon the granting of a building permit and denying, in part, the petitioners' application for a fill permit.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioners, Carnelian Farms, LLC, and Hunter's Moon Farm, LLC, are the owner and lessee, respectively, of an approximately 60-acre commercial horse boarding and training facility. The facility began operating pursuant to a special use permit issued by the Village of Muttontown in 1977. The petitioners planned to renovate and upgrade the property by constructing an indoor riding arena and other site improvements, and applied to amend their special use permit accordingly. After six years in review, the Village of Muttontown Board of Trustees approved the application.

The petitioners subsequently applied for a building permit for the project, but the permit issued by the Village of Muttontown Building Inspector contained a condition directing that all excavated material generated during the construction be removed from the site at the time such material was generated, and not be stockpiled or spread on the property. The petitioners appealed the inclusion of the condition in the building permit to the Village of Muttontown Zoning Board of Appeals (hereinafter the ZBA), and simultaneously applied for a fill permit that would allow them to use some of the excavated material to re-grade other areas of the property, including the infield of a racetrack. The ZBA concluded that the Building Inspector had properly included the condition regarding stockpiling and spreading of excavated material, denied the petitioners' appeal, and denied that branch of the application for a fill permit which sought permission to use excavated material to regrade the infield of the racetrack.

Thereafter, the petitioners commenced this CPLR article 78 proceeding against the ZBA, among others (hereinafter collectively the municipal parties), seeking to review, inter alia, the ZBA's determination regarding the inclusion of the condition in

the building permit and the denial, in part, of their fill permit application. The Supreme Court granted that branch of the petition which sought to annul the determination of the ZBA upholding the condition in the building permit, and directed the Building Inspector to issue a fill permit to the petitioners. The municipal parties appeal.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale*, 121 AD3d 695, 696 [2014]). Here, the determination of the ZBA that the Building Inspector had properly included a condition in the building permit directing that all excavated material be removed from the premises and not be stockpiled or spread, as well as the ZBA's denial of so much of the petitioners' fill permit application as sought to use the excavated material to regrade the infield of the racetrack, was not illegal, arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803; *Matter of Marchand v New York State Dept. of Envtl. Conservation*, 19 NY3d 616 [2012]; *Matter of Lazarus v Board of Trustees of Inc. Vil. of Malverne*, 140 AD3d 773 [2016]). The ZBA properly considered the scope of the construction at the premises and the amount of fill that would be generated as a result. After considering the proposed use of the fill and the environmental effects of those proposals, the ZBA concluded that removal of the fill, rather than any of the alternatives proposed by the petitioners, was the most appropriate course of action. The ZBA's determination was rational and supported by the record, and the Supreme Court should have accorded deference to the ZBA's discretion instead of substituting its own judgment (*see Matter of Lazarus v Board of Trustees of Inc. Vil. of Malverne*, 140 AD3d at 774).

Accordingly, the petition should have been denied and the proceeding dismissed. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.