Matter of Wilson v DeChance (2020 NY Slip Op 04954)





Matter of Wilson v DeChance


2020 NY Slip Op 04954


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-05970
 (Index No. 5077/18)

[*1]In the Matter of Matthew Wilson, appellant,
v
Paul M. DeChance, etc., et al., respondents.


Scheyer & Stern, LLC, Nesconset, NY (Patricia A. Stern of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (Deirdre Cicciaro of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Brookhaven Board of Zoning Appeals dated August 13, 2018, which, after a hearing, confirmed a determination of the Chief Building Inspector of the Town of Brookhaven dated March 9, 2018, denying the petitioner's application for a letter of correction, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 16, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In this proceeding, the petitioner seeks to set aside a determination of the Zoning Board of Appeals of the Town of Brookhaven (hereinafter ZBA) dated August 13, 2018. The ZBA's determination confirmed a determination of the Town's Chief Building Inspector dated March 9, 2018, denying the petitioner's application for a letter of correction to amend a certificate of occupancy dated August 27, 1974. The certificate of occupancy was issued for a four-unit shopping mall designated for "retail use." One of the units had been operating as a bar since the inception of the shopping mall. In 2018, the bar was leased to a new tenant who applied to the New York State Liquor Authority (hereinafter the Liquor Authority) to transfer the liquor license. The Liquor Authority required that the new tenant provide a certificate of occupancy specifically authorizing the use of the premises as a bar, instead of the general "retail use" that was listed on the certificate of occupancy. The petitioner filed an application with the Chief Building Inspector requesting that a letter of correction be issued amending the certificate of occupancy to reflect the current uses of the four units, i.e., salon, store, deli, and bar. In a determination dated March 9, 2018, the Chief Building Inspector denied the application for a letter of correction and indicated that a building permit was required for the completion of the interior spaces and no building permit for the bar had ever been filed with the Town. The petitioner appealed the Chief Building Inspector's determination to the ZBA. A hearing was held on June 20, 2018, and August 8, 2018. By determination dated August 13, 2018, the ZBA confirmed the Chief Building Inspector's denial of the petitioner's application for letter of correction.
The instant CPLR article 78 proceeding was commenced by notice of petition dated [*2]September 21, 2018. By judgment dated April 16, 2019, the Supreme Court denied the petition and dismissed the proceeding. We affirm.
A court may set aside the determination of a zoning board of appeals "only where the record reveals illegality, arbitrariness or abuse of discretion" (Matter of Cowan v Kern, 41 NY2d 591, 598). Thus, where a determination of a zoning board of appeals has a rational basis in the record, a court may not substitute its own judgment, even where the evidence could support a different conclusion (see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson, 5 NY3d 236, 241). Here, the ZBA's determination was not arbitrary or capricious, had a rational basis in the record, and will not be disturbed.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court