Matter of WCC Tank Tech., Inc. v Zoning Bd. of Appeals of the Town of Newburgh, N.Y. (2021 NY Slip Op 00313)





Matter of WCC Tank Tech., Inc. v Zoning Bd. of Appeals of the Town of Newburgh, N.Y.


2021 NY Slip Op 00313


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-00563
 (Index No. 6904/18)

[*1]In the Matter of WCC Tank Technology, Inc., et al., appellants, 
v
Zoning Board of Appeals of the Town of Newburgh, New York, et al., respondents.


Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (William J. Larkin III of counsel), for appellants.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (David A. Donovan of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Newburgh dated May 24, 2018, which, after a hearing, inter alia, denied the petitioners' application for an interpretation that the indoor parking and storage of vehicles with mounted hydrovac equipment is a permitted use pursuant to a 1982 use variance, or, in the alternative, for a use variance, the petitioners appeal from a judgment of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated November 14, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner 2102 Partners, LLC (hereinafter 2102 Partners), is the owner of the subject property, and the petitioner WCC Tank Technology, Inc. (hereinafter WCC Tank), operates a fuel tank lining business on the subject property. The property is located in the AR (Agricultural Residence) Zoning District.
In 1982, the then-owner of WCC Tank applied for a use variance to operate a "fuel tank lining business" on the subject property. In a decision and resolution dated March 11, 1982, the respondent Zoning Board of Appeals of the Town of Newburgh, New York (hereinafter the ZBA) granted the use variance to permit the subject premises to be utilized as a fuel tank lining business subject to certain terms and conditions (hereinafter the 1982 use variance).
In January 2017, after receiving complaints from neighborhood residents, the Town of Newburgh Code Compliance Department (hereinafter the Code Compliance Department) requested an interpretation from the ZBA regarding whether certain uses and/or activities were permitted under the terms of the 1982 use variance. After a duly noticed public hearing, in a decision dated April 3, 2017, the ZBA found, inter alia, that the 1982 use variance did not authorize the use of the premises for and in support of a hydro-excavation business, and did not allow for outdoor parking of freightliner trucks on which hydrovac equipment was mounted (hereinafter the April 2017 decision).
Thereafter, in an Order to Remedy dated December 7, 2017, the Code Compliance Department directed 2102 Partners to desist from operating the hydrovac business on the premises and to further desist from parking hydrovac vehicles on the premises.
Subsequently, on January 19, 2018, WCC Tank submitted correspondence to the Code Compliance Department requesting a referral to the ZBA for an interpretation regarding the ability of WCC Tank to construct an addition on the property for the indoor parking of trucks with mounted hydrovac equipment. By letter dated February 1, 2018, the Code Compliance Department advised WCC Tank that it had determined that the ZBA's April 2017 decision regarding the terms of the 1982 use variance did not allow for the indoor parking and storage of vehicles with mounted hydrovac equipment.
Thereafter, in March 2018, the petitioners applied to the ZBA seeking (1) an interpretation that the indoor parking and storage of vehicles with mounted hydrovac equipment is a permitted use pursuant to the 1982 use variance; (2) alternatively, the grant of a use variance allowing the indoor parking and storage of vehicles with mounted hydrovac equipment; and (3) reversal of the Order to Remedy issued by the Code Compliance Department on December 7, 2017. A public hearing was held on April 26, 2018. Following the hearing, in a decision dated May 24, 2018, the ZBA denied the petitioners' application. The petitioners then commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination. In a judgment dated November 14, 2018, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
The ZBA's determination that the indoor parking and storage of vehicles with mounted hydrovac equipment was not permitted under the 1982 use variance was not illegal, arbitrary and capricious, or an abuse of discretion. A use for which a use variance has been granted is a conforming use and, as a result, no further use variance is required for its expansion, unlike a use that is permitted to continue only by virtue of its prior lawful, nonconforming status (see Matter of Scarsdale Shopping Ctr. Assoc., LLC v Board of Appeals on Zoning for City of New Rochelle, 64 AD3d 604, 606; Matter of Angel Plants v Schoenfeld, 154 AD2d 459, 461). The fact that the property may be used for commercial purposes, however, does not leave the development of the property unrestrained. The use of the property remains subject to the terms of the use variance (see Matter of Borer v Vineberg, 213 AD2d 828, 830) and, where a board of appeals has previously determined that the development is limited only to a certain extent by the terms of the variance, the board of appeals is not free to later disregard that determination (see Matter of Kogel v Zoning Bd. of Appeals of Town of Huntington, 58 AD3d 630, 632). Here, the terms of the 1982 use variance were very specific and limited to the operation of a fuel tank lining business only. Although the petitioners claim that they would be using the hydrovac vehicles in connection with their fuel tank lining business, the testimony of the petitioners' representative at the public hearing was clear that the petitioners were proposing to use the hydrovac vehicles in connection with an entirely different business—to wit, a hydro-excavation business—that is not permitted under the terms of the 1982 use variance. Thus, the ZBA's determination had a rational basis and was consistent with its April 2017 decision wherein it found, inter alia, that the 1982 use variance did not permit the premises to be used for and in support of a hydro-excavation business.
Similarly, the ZBA's determination denying the petitioners' application for a use variance was not illegal, arbitrary and capricious, or an abuse of discretion. "To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created" (Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d 888, 891 [internal quotation marks omitted]; see Town Law § 267-b[2][b]). Here, the petitioners failed to show, based on competent financial evidence, i.e., by dollars and cents proof, that they cannot yield a reasonable rate of return absent the requested use variance (see Town Law § 267- b[2][b][1]; Matter of Monte Carlo 1, LLC v Weiss, 142 AD3d 1173, 1176; Matter of DeFeo v Zoning Bd. of Appeals of Town of Bedford, 137 AD3d 1123, 1126). In light of our determination, we need not consider whether the petitioners made a showing with respect to the remaining factors.
In light of the ZBA's determinations regarding the petitioners' interpretation request and use variance request, the ZBA properly affirmed the Order to Remedy.
The petitioners' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court