Matter of BMG Monroe I, LLC v Village of Monroe Zoning Bd. of Appeals (2023 NY Slip Op 02119)

Matter of BMG Monroe I, LLC v Village of Monroe Zoning Bd. of Appeals

2023 NY Slip Op 02119

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2019-12500
 (Index No. 70181/18)

[*1]In the Matter of BMG Monroe I, LLC, appellant,
v
Village of Monroe Zoning Board of Appeals, et al., respondents.

Whiteman Osterman & Hanna, LLP, Albany, NY (John J. Henry, Robert S. Rosborough IV, and Eric J. Weinhold of counsel), for appellant.
Naughton & Torre, LLP, Goshen, NY (Ashley N. Torre of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Monroe Zoning Board of Appeals dated December 11, 2018, which, after a hearing, affirmed the Village of Monroe Building Inspector's denial of the petitioner's applications for two building permits, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated October 9, 2019. The judgment denied the amended petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of 78.93 acres of property located in both the Town of Monroe and the Village of Monroe. The petitioner sought to develop 181 residential units on the property. In August 2015, the Village of Monroe Planning Board, which was the lead agency under the State Environmental Quality Review Act (hereinafter SEQRA), adopted a resolution granting "cluster subdivision approval, conditional final conditional use approval, [and] conditional final site plan approval" for the project (hereinafter the resolution). The resolution, which incorporated by reference the SEQRA findings statement, required, among other things, that the siding for the residential units "consist of shingles, shiplap, stucco, stone, or brick siding materials," that the main rooflines "be steeply sloping with 12 on 12 pitch or greater," and that the units "follow a strict architectural code . . . ensur[ing] that the constructed homes will, to the extent practicable, reflect the architectural styling of the drawings presented in the Draft Environmental Impact Statement." The resolution also incorporated the plans accompanying the Draft Environmental Impact Statement, which included an architectural drawing called the typical rear elevation drawing.
In May 2018, the Village of Monroe Building Inspector (hereinafter the Building Inspector) denied the petitioner's applications for two building permits in connection with the project on the grounds that the building plans did not comply with the conditions in the resolution and the SEQRA findings statement. Specifically, the Building Inspector determined that the rear elevation of the units as reflected in the building plans did not comply with the typical rear elevation drawing listed in the SEQRA findings statement, the roof pitch of the main roof line submitted on the building plans varied between "12 on 12 to 3 on 12," and the proposed vinyl siding material was not [*2]one of the permitted siding materials. The petitioner appealed the Building Inspector's determination to the Village of Monroe Zoning Board of Appeals (hereinafter the ZBA). Following a public hearing, the ZBA denied the appeal and affirmed the Building Inspector's determination. Thereafter the petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court denied the amended petition and dismissed the proceeding. The petitioner appeals.
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Carnelian Farms, LLC v Leventhal, 151 AD3d 844, 845; see Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale, 121 AD3d 695, 696). Here, the determination of the ZBA that the Building Inspector properly denied the petitioner's applications for the subject building permits was not illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803; Matter of Carnelian Farms, LLC v Leventhal, 151 AD3d at 845). The ZBA concluded that the building permit applications did not comply with the conditions set forth in the resolution and the SEQRA findings statement with respect to the proposed rear elevation of the subject units, the proposed siding materials, and the proposed pitch of the main rooflines. The ZBA's determination was rational and supported by the record, and will not be disturbed.
Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
2019-12500 DECISION & ORDER ON MOTION
In the Matter of BMG Monroe I, LLC, appellant,
v Village of Monroe Zoning Board of Appeals,
et al., respondents.
(Index No. 70181/18)

Motion by the respondents to dismiss an appeal from a judgment of the Supreme Court, Westchester County, dated October 9, 2019, on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated October 18, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court