Matter of 790 Holdings Corp. v Board of Appeals of the Town of Hempstead (2025 NY Slip Op 02198)

Matter of 790 Holdings Corp. v Board of Appeals of the Town of Hempstead

2025 NY Slip Op 02198

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-03730
 (Index No. 614146/22)

[*1]In the Matter of 790 Holdings Corp., etc., et al., appellants, 
v
Board of Appeals of the Town of Hempstead, respondent.

Sahn Ward Braff Koblenz Coschignano PLLC, Uniondale, NY (Andrew M. Roth of counsel), for appellants.
Albert Jaegers, Deputy Town Attorney (Bee Ready Fishbein Hatter & Donovan LLP, Mineola, NY [Rhoda Y. Andors], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two determinations of the Board of Appeals of the Town of Hempstead, both dated September 21, 2022, which, after a hearing, denied the petitioners' applications for special exceptions and use variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered March 14, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioners are the owners of real properties located in the Town of Hempstead, on which they operate a used car business. The petitioners applied to the respondent, inter alia, for special exceptions, permitting the sale and display of used cars and parking in the setbacks, and for use variances, to operate a used car sales showroom and lot. After a public hearing, in two determinations, both dated September 21, 2022, the respondent denied the applications. In October 2022, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the determinations. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of FCFC Realty LLC v Weiss, 192 AD3d 683, 685; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis. Under this standard, a determination should not be disturbed unless the record shows that the agency's action was arbitrary, unreasonable, irrational or indicative of bad faith" (Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals, 95 AD3d at 1119 [internal quotation marks omitted]; see Matter of Halperin v City of New Rochelle, 24 AD3d at 770).
"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in [*2]a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (Matter of Lazarus v Board of Trustees of Inc. Vil. of Malverne, 140 AD3d 773, 773 [internal quotation marks omitted]; see Matter of 666 OCR TT, LLC v Board of Zoning Appeals of Town of Hempstead, 200 AD3d 682, 684). "Thus, the burden of proof on an owner seeking a special exception is lighter than that on an owner seeking a variance. The owner must show compliance with legislatively imposed conditions pertaining to the intended use before a special exception permit may be granted" (Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 784-785 [internal quotation marks omitted]; see Matter of Lazarus v Board of Trustees of Inc. Vil. of Malverne, 140 AD3d at 773-774). "The denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection" (id.; see Matter of FCFC Realty LLC v Weiss, 192 AD3d at 686). "Where such supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of FCFC Realty LLC v Weiss, 192 AD3d at 686-687; see Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of Town of E. Hampton, 205 AD3d 1019, 1023).
Here, the respondent's determination that the petitioner failed to establish compliance with the legislatively imposed conditions for issuance of the requested special exceptions was supported by evidence in the record, and was not affected by an error of law, arbitrary and capricious, an abuse of discretion, or irrational (see Town of Hempstead Building Zone Ordinance § 267 [D][2]; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 785). Contrary to the petitioners' contention, the respondent's determination was supported by specific eyewitness testimony and documentation, and not by generalized community opposition. Accordingly, the respondent's denial of the petitioners' applications for the special exceptions will not be disturbed (see Matter of FCFC Realty LLC v Weiss, 192 AD3d at 687-688; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 785-786; Matter of North Shore F.C.P., Inc. v Mammina, 22 AD3d 759, 760).
Similarly, the respondent's determination denying the petitioners' applications for use variances was not illegal, arbitrary and capricious, or an abuse of discretion. "To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created" (Matter of WCC Tank Tech., Inc. v Zoning Bd. of Appeals of Town of Newburgh, N.Y., 190 AD3d 860, 862 [internal quotation marks omitted]; see Town Law § 267-b[2][b]; Brennan v Hobbs, 193 AD3d 725, 726). Here, the petitioners failed to show, based upon competent financial evidence, i.e., by dollars and cents proof, that they cannot yield a reasonable rate of return absent the requested use variances (see Matter of WCC Tank Tech., Inc. v Zoning Bd. of Appeals of Town of Newburgh, N.Y., 190 AD3d at 862; Matter of DeFeo v Zoning Bd. of Appeals of Town of Bedford, 137 AD3d 1123, 1126). In light of our determination, we need not consider whether the petitioners made a showing with respect to the remaining factors (see Matter of WCC Tank Tech., Inc. v Zoning Bd. of Appeals of Town of Newburgh, N.Y., 190 AD3d at 862).
Contrary to the petitioners' contention, the Supreme Court properly considered the respondent's findings of fact issued after the instant proceeding was commenced (see Matter of Warren v Harris, 179 AD2d 660, 660; Matter of Berka v Seltzer, 170 AD2d 450, 450).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court