Matter of Hampton Vil., LLC v Zoning Bd. of Appeals of the Inc. Vil. of Southampton (2025 NY Slip Op 03326)

Matter of Hampton Vil., LLC v Zoning Bd. of Appeals of the Inc. Vil. of Southampton

2025 NY Slip Op 03326

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-08992
 (Index No. 612749/22)

[*1]In the Matter of Hampton Village, LLC, respondent,
v
Zoning Board of Appeals of the Incorporated Village of Southampton, appellant.

Egan & Golden, LLP, Patchogue, NY (Brian T. Egan and John L. Bourquin of counsel), for appellant.
McAuliffe Law, PLLC, East Hampton, NY (E. Timothy McAuliffe, Jr., of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Incorporated Village of Southampton dated April 28, 2022, as, after a hearing, denied so much of the petitioner's application as was for a special use permit and certain area variances, the Zoning Board of Appeals of the Incorporated Village of Southampton appeals from a judgment of the Supreme Court, Suffolk County (George Nolan, J.), dated June 26, 2023. The judgment granted the petition, annulled so much of the determination as denied so much of the petitioner's application as was for a special use permit and certain area variances, and directed the Zoning Board of Appeals of the Incorporated Village of Southampton to issue the requested special use permit and area variances.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner owned real property located in the Hampton Road Office zoning district (hereinafter the HRO) in the Village of Southampton. The HRO is a business district with residential use designated as a special use. The petitioner submitted an application to the Zoning Board of Appeals of the Incorporated Village of Southampton (hereinafter the ZBA) for a special use permit, so as to permit the petitioner to construct a residence on the property, and various area variances. After a hearing, in a determination dated April 28, 2022, the ZBA denied the application.
The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review so much of the ZBA's determination as denied so much of the petitioner's application as was for a special use permit and area variances for floor area and lot coverage. In a judgment dated June 26, 2023, the Supreme Court granted the petition, annulled that portion of the determination, and directed the ZBA to issue the requested special use permit and area variances for floor area and lot coverage. The ZBA appeals.
In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such [*2]grant" (Village Law § 7-712-b[3][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Nowak v Town of Southampton, 174 AD3d 901, 904-905; Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 755). A zoning board "shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]).
"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (Matter of Lazarus v Board of Trustees of Inc. Vil. of Malverne, 140 AD3d 773, 773 [internal quotation marks omitted]; see Matter of 666 OCR TT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 684). "Thus, the burden of proof on an owner seeking a special exception is lighter than that on an owner seeking a variance. The owner must show compliance with legislatively imposed conditions pertaining to the intended use before a special exception permit may be granted" (Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 784-785 [citation omitted]; see Matter of Lazarus v Board of Trustees of Inc. Vil. of Malverne, 140 AD3d at 773-774).
Judicial review of a determination granting or denying "an application for a special use permit [or a variance] is limited to ascertaining whether the [determination] was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d 1007, 1008; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). "Where . . . supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d 1019, 1023 [internal quotation marks omitted]; see Matter of FCFC Realty LLC v Weiss, 192 AD3d 683, 686-687).
As the Supreme Court properly determined, the challenged determination of the ZBA was not supported by the record. The property was used residentially from 1916 until the house on it was demolished in 2006, and the surrounding properties were largely residential. Accordingly, the ZBA's determination that the property was not particularly suitable for residential use was not supported by the record.
As the ZBA contends, the need for area variances for floor area and lot coverage was self-created, and the area variance for lot coverage appeared substantial, at least on its face. However, the petitioner's lot was nearly three times the minimum lot size for a property in the HRO. Critically, there was no evidence before the ZBA showing that the granting of the special use permit or the area variances for floor area and lot coverage would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of 666 OCR TT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d at 684; Matter of Cacsire v City of White Plains Zoning Bd. of Appeals, 87 AD3d 1135, 1137; Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 38 AD3d 545, 547).
Accordingly, the Supreme Court properly granted the petition, annulled so much of the determination as denied so much of the petitioner's application as was for a special use permit and area variances for floor area and lot coverage, and directed the ZBA to issue the requested special use permit and area variances for floor area and lot coverage.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court