Matter of Hammer v Town of Bedford N.Y. (2025 NY Slip Op 05238)

Matter of Hammer v Town of Bedford N.Y.

2025 NY Slip Op 05238

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2024-02143
 (Index No. 71446/23)

[*1]In the Matter of Melanie Hammer, appellant,
v
Town of Bedford New York, et al., respondents.

Melanie Hammer, Katonah, NY, appellant pro se.
Keane & Beane, P.C., White Plains, NY (Eric L. Gordon and Robert C. Zitt of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of the Town of Bedford filed December 8, 2023, which, after a hearing, denied the petitioner's application for a reversal of the denial of her prior application for a building permit or, alternatively, for a use variance, in effect, to legalize the conversion of a recreation room into a residential apartment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (George E. Fufidio, J.), dated February 9, 2024. The order and judgment, insofar as appealed from, denied the petitioner's application for leave to conduct discovery and a hearing, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner applied for a building permit, in effect, to legalize the conversion of a recreation room into a residential apartment over a garage, but her application was denied by a building inspector employed by the respondent Town of Bedford New York. In October 2023, the petitioner filed an application with the Zoning Board of Appeals of the Town of Bedford (hereinafter the ZBA), seeking, among other things, a reversal of the denial of her application for a building permit or, alternatively, for a use variance. The ZBA held a hearing on November 2, 2023, at which the petitioner appeared and presented her case. In a written determination filed December 8, 2023, the ZBA denied the petitioner's application.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination and requested leave to conduct discovery and a hearing. By an order and judgment dated February 9, 2024, the Supreme Court, among other things, denied the petitioner's application for leave to conduct discovery and a hearing, denied the petition, and dismissed the proceeding. The petitioner appeals.
"'In a special proceeding, where disclosure is available only by leave of the court, the Supreme Court has broad discretion in granting or denying disclosure, although it must balance the needs of the party seeking discovery against such opposing interests as expediency and confidentiality'" (Matter of Park Knoll Owners, Inc. v Park Knoll Assoc., 175 AD3d 1410, 1411, [*2]quoting Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857; see Matter of Tinsley v New York City Taxi & Limousine Commn., 228 AD3d 672, 674). A court may deny discovery where a party fails to demonstrate that the documents sought are material and necessary (see Matter of Park Knoll Owners, Inc. v Park Knoll Assoc., 175 AD3d at 1412). Here, the court providently exercised its discretion in denying the petitioner's application for leave to conduct discovery, as the petitioner failed to demonstrate that the requested discovery was material and necessary (see Matter of Tinsley v New York City Taxi & Limousine Commn., 228 AD3d at 674). The court also correctly determined that the record was sufficient to review the ZBA's determination and that there was no need to hold a hearing (see CPLR 7804[h]).
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was legal, arbitrary and capricious, or an abuse of discretion" (Matter of Kreger v Town of Southold, 230 AD3d 781, 782 [internal quotation marks omitted]; see Matter of Abramovitz v Zoning Bd. of Appeals of the Inc. Vil. of Bellport, 194 AD3d 810, 811).
Here, the ZBA's interpretation of the relevant provisions of the Code of the Town of Bedford was neither unreasonable nor irrational (see Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown, 133 AD3d 679, 680-681). The ZBA determined that the structure, which was built over a stand-alone garage, was a "cottage" and not an "accessory apartment" within the meaning of section 125-3 of the Code of the Town of Bedford. Furthermore, the ZBA determined that a cottage was not permitted in the zoned district in which the petitioner's property was located. Accordingly, the ZBA's determination upholding the building inspector's denial of the petitioner's application for a building permit was rational and not arbitrary and capricious (see Matter of E & S Realty, LLC v Board of Appeals of Vil. of Sands Point, 208 AD3d 1236, 1237-1238; Matter of Wilson v DeChance, 186 AD3d 1381, 1383).
"To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self created" (Matter of WCC Tank Tech., Inc. v Zoning Bd. of Appeals of the Town of Newburgh, N.Y., 190 AD3d 860, 862 [internal quotation marks omitted]; see Town Law § 267-b[2][b]; Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d 888, 891).
Here, the petitioner failed to show, based on competent financial evidence, i.e., by dollars and cents proof, that the property cannot yield a reasonable rate of return absent the requested use variance or that the alleged hardship was not self-created (see Town Law § 267-b[2][b]; Matter of WCC Tank Tech., Inc. v Zoning Bd. of Appeals of the Town of Newburgh, N.Y., 190 AD3d at 862). Accordingly, the ZBA's determination denying the petitioner's application for a use variance was not illegal, arbitrary and capricious, or an abuse of discretion.
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court